KINGS COUNTY.—HON. JACOB I. BERGEN, SURRO-
GATE.—December, 1883.

RAVEN v. NORTON.

*In the matter of the estate of* GALEN O. NORTON,
*deceased.*

A special proceeding in a Surrogate's court, instituted to procure a decree
directing a decedent's real property to be mortgaged for the payment
of his debts, cannot, after jurisdiction over the parties has been ac-
quired, be abandoned or dismissed except by the entry of an order
to that effect.

Where such a special proceeding has been commenced by the administra-
tor of a decedent's estate, the Surrogate's court may require him to
proceed therein, on motion of a creditor.

MOTION by Frank O. Raven, a judgment creditor of
decedent's estate, to compel Nancy Norton, administra-
trix thereof, to continue a special proceeding instituted
by her for the disposition of decedent's real property.
The facts appear sufficiently in the opinion.

JOSEPH K. MURRAY, *for the motion.*

BUTLER, STILLMAN & HUBBARD, *for administratrix.*

JUDAH P. VOORHEES, *special guardian.*

THE SURROGATE.—Galen O. Norton died, intestate,
August 6th, 1875. Letters of administration were is-
sued to his widow, Nancy Norton, December 31st, 1875.
On March 15th, 1876, the administratrix presented her
petition to this court for leave to mortgage the real es-
tate of the deceased for the payment of his debts.
Upon her petition, an order was made on the same day
to show cause why authority to mortgage should not

be granted; in which petition she alleged that the principal debt of the deceased was a note made by the testator, dated November 11th, 1870, for $2,335.00 with interest, and held by Frank O. Raven.

After due service and publication of the order, on May 4th, 1876, the return day, a special guardian of the infant children of Galen O. Norton was appointed, and the matter was adjourned to a later day.

Subsequently, one Raven presenting his claim to the administratrix in pursuance of her notice to creditors, she rejected it. Suit was thereupon brought in the Supreme court, and a judgment was rendered against the administratrix for $2,726.52.

It appears from the moving papers that the estate is insufficient to pay decedent's debts. Frank Raven, the judgment creditor, now moves that the administratrix be directed to continue her proceeding to mortgage the real estate of the decedent, for the payment of said judgment.

The administratrix answers that she abandoned the proceedings to mortgage on the return day, and that they are not pending, and consequently the Surrogate has no power to give any directions in connection therewith ; and further objects that the Surrogate did not acquire jurisdiction under the original petition for leave to mortgage.

It appears to me that, upon the motion to require the administratrix to proceed in the proceedings for leave to mortgage for the payment of debts, the question is not whether there are defects in the proceedings heretofore had, but only whether the proceeding, defective or not, is pending undetermined, and whether

the creditor has a right to compel its prosecution.

If there are defects in the proceedings, the heirs can take the advantage of them in the proceeding itself, just as they could, should the administratrix go on voluntarily. If fatally defective, it will not be prejudicial to the heirs, nor will their title be divested.

It seems to me that a proceeding of this nature must be treated the same as if it had been an action where all the parties had been served; the court once having acquired jurisdiction of the parties, it could not be abandoned or dismissed except by the entry of an order to that effect.

I, therefore, think the proceeding is still pending, and that it is only necessary to designate a day, when the matter shall be proceeded with, which can be fixed on settlement of the order.

Ordered accordingly.